**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jameco Abdul Toney, Appellant.

Appellate Case No. 2013-002534

Appeal From Darlington County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-428
Submitted September 1, 2016 – Filed October 19, 2016

**AFFIRMED**

Jeffrey Scott Stephens, of Quindlen & Merrifield, P.A., of Beaufort; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Moses*, 390 S.C. 502, 511, 702 S.E.2d 395, 400 (Ct. App.

2010) ("[M]aking a motion *in limine* to exclude evidence at the beginning of trial does not preserve an issue for review because a motion *in limine* is not a final determination.  The moving party, therefore, must make a contemporaneous objection when the evidence is introduced.") (alteration in original) (quoting *State v. Forrester*, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001)); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."); *id.* at 646-47, 725 S.E.2d at 733 (providing exceptions to the rule that a contemporaneous objection be made at the time evidence is offered to preserve the matter (1) when the motion *in limine* is made immediately prior to the introduction of the evidence in question and (2) when the trial court *clearly indicates* its ruling is final); *McHam v. State*, 404 S.C. 465, 470, 473-75, 746 S.E.2d 41, 44, 46-47 (2013) (holding in a post-conviction relief action following dismissal of an *Anders* appeal from trial in which trial counsel moved in an *in limine* motion to suppress drugs as the product of an illegal search and seizure in violation of the Fourth Amendment, but *failed to renew the objection* on that basis *when the drugs were actually admitted* into evidence at trial, it was clear the Court of Appeals did not consider the merits of the Fourth Amendment issue on direct appeal because *it was not preserved by trial counsel*); *State v. Dicapua*, 373 S.C. 452, 455, 646 S.E.2d 150, 152 (Ct. App. 2007) (holding trial counsel's statement to the trial court that he had "no objection" to the introduction of evidence, even though he previously made a motion to exclude the evidence, waived any issue with admission of that evidence).

**AFFIRMED.**[1]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.